IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ESTELLA ESCOBAR-GONZALES,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Civ. No. 3:13-cv-01587-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Estella Escobar-Gonzales filed this stipulated petition for attorney fees, ECF No. 17, in the amount of $3,055.41 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons set forth below, plaintiff's petition, ECF No. 17, is GRANTED.

    Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If attorney fees are appropriate, this Court must then determine whether the amount of fees requested is reasonable. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

    Because the Government stipulates that plaintiff is entitled to attorney fees, this Court's inquiry is limited to the reasonableness of plaintiff's petition. Under the EAJA, an award of attorney fees is limited to $125.00 per hour "unless the court determines that an increase in the

1 – OPINION AND ORDER

*cost of living* or a special factor, such as the limited availability of qualified attorney for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses." (citations omitted)). The cost-of-living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id.* at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations,[1] plaintiff is awarded fees at the hourly rates of $187.02 for 1.50 hours of work performed by counsel in 2013 and $190.06 for 14.60 hours of work performed by counsel in 2014. Accordingly, plaintiff is awarded attorney fees in the amount of $3,055.41.[2]

IT IS SO ORDERED.

DATED this 17th day of February, 2015.

                                        _____
                                        Michael J. McShane
                                        United States District Judge

---

[1] Plaintiff's hourly rates are consistent with the "statutory maximum rates" under the EAJA. *See, e.g.*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Feb. 17, 2015).

[2] Payment of this award shall be paid to plaintiff's attorney upon verification that plaintiff has no debt that qualifies for offset against awarded fees. *See Astrue v. Ratliff*, 560 U.S. 586, 589–90 (2010). If plaintiff has no such debt, then the check shall be made out to plaintiff's attorney and mailed to plaintiff's attorney at Merrill Schneider, P.O. Box 14490, Portland, OR 97292. If plaintiff has such debt, then the check for any remaining funds after offset of the debt shall be made to plaintiff and mailed to plaintiff's attorney.

2 – OPINION AND ORDER